PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* DIONISIO PEARSON, Defendant and Appellant.

No. 6675.   Argued November 18, 1937.—Decided November 24, 1937.

*C. Santana Becerra* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On November 15, 1935 the District Attorney for the district of San Juan filed an information against Dionisio Pearson charging him with carrying a prohibited weapon.

The District Attorney filed another information against the defendant for an attempt to kill, the case involving the carrying of weapons being submitted to the decision of the court on the same evidence as that adduced in the case involving the attempt to kill.

On May 29, 1936 the district court entered judgment finding Pearson guilty of carrying a weapon, and it is from this judgment that the present appeal is taken.   Defendant assigns two errors, the first, in that the court erred in finding that there was sufficient evidence, and the second, in not holding that the evidence was contradictory and in not giving the defendant the benefit of the doubt.

In explanation of its judgment, the court said:

"As to the prosecution for carrying weapons, the complaint charges that the defendant, on October 24, 1935, in Río Piedras, which forms part of the judicial district of San Juan, P. R., did unlawfully, wilfully, and maliciously, carry upon his person for purposes of offense and defense, a revolver, which is a firearm, with which he might then and there have caused grave bodily injury.

"We have read the portion of the record already transcribed by the stenographer, and we have had the latter read to us aloud his notes of all the testimony offered during the trial of the prosecution for attempt to kill. From the testimony of Jorge Pérez, a corporal of the insular police, we take the following:

"'Q. Who were those with weapons in their hands?

"'A. The defendant and the three occupants of the car. . . .

"'Q. But did Pearson fire in the shooting?

"'A. Yes, sir. . . .

"'Q. When you heard Pagán use the words "Let em have it!" what did you do?

"'A. I was on the sidewalk, and I tried to see, I lowered my head and saw them all armed, and was struggling with Pagán to take the pistol away from him, when those behind me fired and I fell wounded, taking with me Pagán's pistol. . . .

"'Q. With what weapon did the defendant fire at you?

"'A. I saw a firearm and I saw the shots when they fired at me, but I cannot describe the weapon. . . .

"'Q. Where was he riding?

"'A. He was riding on the right rear seat.'

"The testimony of the policeman Orlando Colón contains the following:

"'Q. Who were those who fired?

"'A. The persons in the automobile.

"'Q. Did Pearson fire?

"'A. Yes, sir.'

"José S. Barreiro, who is not a policeman, stated:

"'Q. Please explain to these gentlemen what happened in Río Piedras on October 24, 1935.

"'A. That day when I was standing on the left hand side of the sidewalk on Brumbaugh street looking toward the police headquarters, I saw a car stop in front of a restaurant. I don't know the name of the restaurant, and I saw a shot come from a car.

"'Q. Where did the shot come from?

"'A. From the automobile, and then there was an exchange of shots between civilians and the police. The civilians were inside the car.'

"The testimony of Domingo Beniamino, district chief of the police, contains the following:

"'Q. Who were those who fired there?

"'A. I saw two of the occupants of the car fire.

" 'Q. Who?

" 'A. Pagán and the defendant Pearson.

" 'Q. Did you see the defendant Pearson fire?

" 'A. Yes, sir. . . .

" 'Q. Did you seize anything there, chief?

" 'A. A revolver.

" 'Q. Where?

" 'A. At the defendant's foot.

" 'Q. Look and see if it was a revolver like this. . . .

" 'A. Yes, sir. . . .

" 'Q. And did you see, beside the one who was driving, who else fired against the police?

" 'A. The defendant Pearson fired.'

"Finally, the testimony of Isolina Rondón, a witness for the defendant, contains the following with respect to the occupants of the automobile:

" 'A. . . . At once the policeman who was coming up on the left side, who as I knew was Corporal Pérez, fired at Mr. Pagán directly in the face, and then all the policemen immediately surrounded the car, and continued to fire into the car from all sides. Then they fired a large number of shots and in that exchange the policeman Pérez fell to the ground and was unable to get up from there.'

"If we are to believe the testimony of the witnesses for The People, the offense of carrying weapons is completely proven. We do not find in any of the testimony any element which would permit us to discredit the testimony of the policemen, which establishes the fact that the defendant while in an automobile with other persons, had a revolver in his hand and fired it. It has been decided that such evidence is sufficient to warrant a conviction for carrying prohibited weapons. *People* v. *Calderón,* 46 P.R.R. 857.

"There is nothing in the evidence for the defense to overcome or to make incompatible with the truth, or doubtful, the presumption that the witnesses for The People have spoken the truth. In the decision of this case, the judge can go no further than the evidence which was introduced in the prosecution for attempt to kill. Each prosecution is distinct in nature; and a judgment of acquittal in the prosecution for attempt to kill does not necessarily require a similar judgment in the case for carrying a weapon."

We have read carefully appellant's brief. It contains nothing which in our judgment raises even a doubt as to

the correctness of the judgment appealed from. The transcript of the record supports the conclusions of the court. This is a frivolous appeal taken with the sole purpose of delaying the execution of the judgment. It must, therefore, be dismissed, and the judgment affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.